# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 20, 2003

## LLOYD E. WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Claims Commission for the Eastern Grand Division**
**No. 20300711     Vance W. Cheek, Jr., Commissioner**

### FILED JANUARY 23, 2004

### No. E2003-01409-COA-R3-CV

Lloyd E. Williams ("Plaintiff"), who absconded while on bond, was tried, convicted, and sentenced on drug charges *in absentia*. Years later, Plaintiff was apprehended and placed in prison. Plaintiff sued the State of Tennessee ("the State") claiming that the trial and sentencing violated various statutory rights of his. The State filed a motion to dismiss. The Claims Commission ("the Commission") granted the State's motion to dismiss. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Lloyd E. Williams, Tiptonville, Tennessee, pro se Appellant.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Tiffany Baker Cox, Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee.

## OPINION

### Background

Plaintiff was arrested and indicted on drug charges in 1992. He was released on bond on January 5, 1993, but failed to appear at his trial. Plaintiff spoke to his attorney by phone several times during the trial and after sentencing. Although his attorney advised him to turn himself in, Plaintiff declined to do so and remained a fugitive.

Plaintiff was convicted and sentenced *in absentia* to fifty-four years in prison by Judge Arden Hill. Plaintiff remained a fugitive until June of 2001, when he was apprehended and placed in prison to serve his sentence.

In November of 2001, Plaintiff filed a petition for post conviction relief claiming he just realized he had suffered an injury. That petition was denied based upon the statute of limitations. The denial of post conviction relief was affirmed by the Court of Criminal Appeals in September of 2002.

In November of 2002, Plaintiff filed his claim against the State with the Division of Claims Administration alleging that Judge Hill deprived him of his statutory rights because the indictments against him were void and because he was tried, convicted, and sentenced *in absentia*. Plaintiff amended his claim to also allege he received ineffective assistance of counsel from his court-appointed attorney, Donald Spurrell. The claim was transferred from the Division of Claims Administration to the Claims Commission pursuant to Tenn. Code Ann. § 9-8-402(c). The State filed a motion to dismiss. The Commission granted the motion to dismiss based upon a lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and the expiration of the statute of limitations. Plaintiff appeals to this Court.

### Discussion

Although not stated exactly as such, Plaintiff raises three issues on appeal: 1) whether the Commission erred in holding it lacked subject matter jurisdiction; 2) whether the Commission erred in holding Plaintiff's claims are barred by the statute of limitations; 3) whether Tenn. Code Ann. § 9-8-307(a)(1)(N) is unconstitutional. The State raises two additional issues: 1) whether Plaintiff's claims are barred by absolute judicial immunity; and 2) whether the State is liable for the actions of Attorney Spurrell, Plaintiff's court-appointed attorney.

Whether the Commission has subject matter jurisdiction over the claims contained in Plaintiff's complaint is a question of law. With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). As our Supreme Court stated in *Northland Ins. Co. v. State*:

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan,* 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

\* \* \*

Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent. *See State v. Cook*, 171 Tenn. 605, 609, 106 S.W.2d 858, 860 (1937); Tenn. Code Ann. § 20-13-102 ("No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state ... with a view to reach the state, its treasury, funds, or property ..."). As a general interpretive matter, this Court has held that the principle of sovereign immunity requires that legislation authorizing suits against the state must provide for the state's consent in "plain, clear, and unmistakable" terms. *Cook*, 171 Tenn. at 611, 106 S.W.2d at 861; *see also Beare Company v. Olsen*, 711 S.W.2d 603, 605 (Tenn. 1986). We must therefore carefully analyze the statute granting jurisdiction to the Tennessee Claims Commission, which this Court has previously held creates a "sweeping procedure for filing monetary claims against the state." *Hembree v. State*, 925 S.W.2d 513, 516 (Tenn. 1996).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

The statute granting jurisdiction to the Commission, Tenn. Code Ann. § 9-8-307 provides, in pertinent part:

(a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101(3), falling within one (1) or more of the following categories:

\* \* \*

-3-

(N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions; . . .

Tenn. Code Ann. § 9-8-307 (a)(1) (2003).

We, therefore, must look at the statutes Plaintiff bases his claims upon to determine if they expressly confer a private right of action in favor of a claimant against the State. After a careful review of the statutes upon which Plaintiff bases his claim, i.e., Tenn. Code Ann. §§ 40-3-101; 40-14-101; 40-14-102; 40-17-105; and 40-18-118, we hold that none of these statutes expressly confers a private right of action. Plaintiff also alleges he was deprived of statutory rights pursuant to Tennessee Rule of Criminal Procedure 43. This claim is without merit because Tenn. R. Crim. P. 43 is a rule of criminal procedure, not a statute, and, in any event, it certainly does not confer a private right of action in favor of Plaintiff. We hold that the Commission properly held it lacked subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief can be granted.

We next consider whether the Commission erred in holding Plaintiff's claims, if any, are barred by the statute of limitations. Therefore, we look to Tenn. Code Ann. §§ 9-8-402(b) and 28-3-104 to determine the appropriate statute of limitations. Tenn. Code Ann. § 9-8-402(b) deals with claims filed with the Division of Claims Administration and provides: "The claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises. . . ." Tenn. Code Ann. § 9-8-402(b) (2003). In pertinent part, Tenn. Code Ann. § 28-3-104 provides: "The following actions shall be commenced within one (1) year after the cause of action accrued: . . . (4) Actions for statutory penalties. . . ." Tenn. Code Ann. § 28-3-104(a) (2003).

Plaintiff was tried, convicted, and sentenced in 1993. He filed his claim against the State in November of 2002, well beyond the one-year statute of limitations. Thus, Plaintiff's claim is barred by the statute of limitations unless it is tolled for some reason.

Plaintiff claims that the discovery rule should apply to toll the statute of limitations because he did not learn or discover he had suffered an injury until November of 2001. However, "the discovery rule only applies to matters of fact that may be unknown to a prospective plaintiff, and not to matters of law." *Spar Gas, Inc. v. McCune*, 908 S.W.2d 400, 404 (Tenn. Ct. App. 1995). Plaintiff had full knowledge of the facts relevant to his alleged injury when it occurred because he knew he was tried and sentenced even though he was not present in court. Plaintiff argues there is no evidence that he "knew that his trial in absentia was illegal and therefore injurious to [him]." However, there is abundant evidence that Plaintiff knew he was being tried and sentenced. Plaintiff had knowledge of the relevant facts. The discovery rule cannot be used to toll the statute of limitations because of Plaintiff's claimed lack of knowledge about the law. We hold the discovery rule does not apply and the Commission properly held Plaintiff's claims are barred by the statute of limitations.

We next consider whether Tenn. Code Ann. § 9-8-307(a)(1)(N) is unconstitutional. We note that Plaintiff did not raise this issue below. Our Supreme Court has unequivocally stated:

> It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion.

*Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983).

The statute in question, Tenn. Code Ann. § 9-8-307(a)(1)(N), is not "so obviously unconstitutional on its face as to obviate the necessity for any discussion." *Id*. It is not vague, ambiguous, or overbroad. It does not create a classification or unequally affect any one class of people more than another. Therefore, we will not entertain this issue raised for the first time on appeal.

Our determination of the foregoing issues pretermits the necessity of considering whether Plaintiff's claims are barred by absolute judicial immunity. We, however, will address the final issue raised by the State: whether the State is liable for the actions of Attorney Spurrell, Plaintiff's court-appointed attorney. The issue of whether a court- appointed attorney is considered a state employee is specifically addressed in Tenn. Code Ann. § 8-42-103. In general, this statutory section gives the attorney general discretion to provide legal representation to state employees who have been sued because of certain acts or omissions committed within their scope of employment. The statute provides unequivocally that court-appointed attorneys are to be considered state employees, but *only* for purposes of the attorney general having discretion to provide legal representation when a court-appointed attorney is sued, assuming the other statutory requirements are met. In relevant part, the statute provides:

> (a)  When a civil action for damages is commenced in any court by any person against any state employee as defined in this chapter for any acts or omissions of the state employee within the scope of the employee's employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain, the attorney general and reporter has the discretion to provide representation to the employee. . .

> (b)  For the exclusive purpose of this section, "state employee" also includes attorneys appointed by a court, or other agency authorized by law to make such appointments, to represent an indigent when a civil action for damages is commenced against such attorney for any act or omission in the course of representing such indigent. *Notwithstanding any provision of law to the contrary, such attorney shall*

*not be considered a state employee for any other purpose including, but not limited to, §§ 9-8-112 and 9-8-307.*

Tenn. Code Ann. § 8-42-103 (2003) (emphasis added).

We believe the intent of the legislature is quite clear from the statute itself. Tenn. Code Ann. § 8-42-103(b) clearly states that a court-appointed attorney is not considered a "state employee" for purposes of Tenn. Code Ann. § 9-8-307, the statutory provision which waives the state's sovereign immunity in certain specific instances and which confers subject matter jurisdiction on the Commission to resolve those claims. Accordingly, the Commission has no subject matter jurisdiction to hear a claim against the State for alleged legal malpractice arising out of the acts or omissions of a court-appointed attorney. Notwithstanding the foregoing, if a legal malpractice action is brought against a court-appointed attorney, as opposed to the state, arising out of acts or omissions occurring during the court-appointed representation, then the attorney general has discretion to provide that attorney with legal representation. This Court reached the very same conclusion in *Taylor v. State*, No. 02A01-9508-BC-00229, 1996 Tenn. App. LEXIS 389 (Tenn. Ct. App. July 3, 1996), *no appl. perm. appeal filed*. In *Taylor*, we affirmed the dismissal of a legal malpractice lawsuit filed with the Commission against the State of Tennessee arising out of alleged acts or omissions of a court-appointed attorney. We concluded the Commission lacked subject matter jurisdiction over such a claim, reasoning as follows:

> The crux of Title 8, Chapter 42 of the Code is found in T.C.A. § 8-42-103, entitled "Defense Counsel for State Employees." This section states that under certain defined conditions, a state employee who is sued in a civil action for damages for any act or omission in the course of his employment will be provided defense counsel by the state. T.C.A. § 8-42-103(b) states in simple terms that a court-appointed attorney assigned to represent an indigent who is thereafter sued by the indigent for damages arising as a result of this representation is a "state employee," and may avail himself of defense counsel provided by the state. As noted, T.C.A. § 8-42-103(b) specifically provides that such attorney will not be considered a state employee for any other purpose, including, but not limited to, T.C.A. § 9-8-307, which delineates the jurisdiction of the Tennessee Claims Commission.

*Taylor*, 1996 Tenn. App. LEXIS 389, at **3- 4.

In the present case, we agree with the State that the Commission has no subject matter jurisdiction over the allegations contained within Plaintiff's complaint because, among other reasons, Plaintiff's court-appointed attorney was not a state employee, and for this reason that claim was subject to dismissal. Even though the Commission never decided this specific issue, it nevertheless reached the correct result when it dismissed the entire complaint for lack of subject matter jurisdiction based upon other reasons, and for expiration of the statute of limitations. We affirm the Commission's judgment dismissing the complaint.

## **Conclusion**

The judgment of the Claims Commission is affirmed, and this cause is remanded to the Claims Commission for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Lloyd E. Williams.

_____
D. MICHAEL SWINEY, JUDGE