IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS DECEMBER 9, 2009

**GRADY HAYES BROWN v. STATE OF TENNESSEE**

**Direct Appeal from the Tennessee Claims Commission**
**No. 20-081-003     Nancy C. Miller-Herron, Claims Commissioner**

_____

**No. W2009-00907-COA-R3-CV - Filed March 19, 2010**

_____

The Tennessee Claims Commission dismissed this claim for negligent deprivation of a statutory right upon finding that the statute relied upon contained no private right of action. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Claims Commission Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Grady Hayes Brown, Whiteville, Tennessee, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Michael Markham, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

In March of 2008, Grady Hayes Brown filed a "Claim for Damages" against the State of Tennessee with the Division of Claims Administration, and the claim was subsequently transferred to the Tennessee Claims Commission. Mr. Brown alleged that he was employed by the State of Tennessee Department of Environment and Conservation for 22 years, and that although he was designated at "Clerk One Pay Grade," he performed duties outside his pay grade and was never compensated for such. Mr. Brown claimed that he was entitled to compensation pursuant to Tennessee Code Annotated section 8-30-224, which provides:

> No career service employee shall be assigned to perform the majority of the duties and responsibilities of a position in a higher level classification than that of the position occupied by the employee, without the approval of the appointing authority. When an employee is so assigned, the duration of such assignment may not exceed ninety (90) days without the approval of the commissioner. The commissioner and the commissioner of finance and administration shall establish a procedure under which an employee who is assigned to perform the majority of the duties and responsibilities of a higher level classification for a period in excess of ninety (90) days shall receive additional compensation for such assignment.

Mr. Brown claimed that he was entitled have this matter heard pursuant to Tennessee Code Annotated section 9-8-307(a)(1)(N), which provides, in relevant part:

> (a)(1) The [Tennessee Claims Commission] or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101(3), falling within one (1) or more of the following categories:
> . . . .
> (N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision (a)(1)(N) that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions;
> . . . .

The State filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Among other things, the State contended that Mr. Brown had failed to demonstrate

that Tennessee Code Annotated section 8-30-224 expressly confers a private right of action against the state, as required by Tennessee Code Annotated section 9-8-307(a)(1)(N). The Claims Commissioner granted the State's motion to dismiss upon finding that "[t]he particular statute enumerated by Claimant, § 8-30-224, Tenn. Code Ann. (Supp. 2008), contains no private right of action."[1] Mr. Brown timely filed a notice of appeal.

## II. DISCUSSION

Article I, section 17 of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." This provision of our Constitution "reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *Williams v. State*, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004). Pursuant to this section, the Tennessee General Assembly created the Tennessee Claims Commission and authorized it to hear and determine certain categories of monetary claims against the State, which are listed in Tennessee Code Annotated section 9-8-307. *See* Tenn. Code Ann. § 9-8-305(1). In other words, the Legislature "waived its sovereign immunity as to certain actions brought before the Tennessee Claims Commission." *Morton v. State*, No. M2008-02305-COA-R3-CV, 2009 WL 3295202, at *2 (Tenn. Ct. App. Oct. 13, 2009).

The statute granting jurisdiction to the Claims Commission, section 9-8-307, has been characterized as creating a "'sweeping procedure for filing monetary claims against the state.'" *Northland Ins. Co.*, 33 S.W.3d at 729 (quoting *Hembree v. State*, 925 S.W.2d 513, 516 (Tenn. 1996)). However, the jurisdiction of the Claims Commission is limited only to those claims specified in Tennessee Code Annotated section 9-8-307(a)(1)(A) through (V), and if a claim falls outside of the categories specified, then the State retains its immunity from suit, and a claimant may not seek relief from the State. *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000). "Outside of these categories, no jurisdiction exists for claims against the State." *Morton*, 2009 WL 3295202, at *2.

---

[1] We note that Mr. Brown's memorandum of law in support of his "Claim for Damages" referred to his "breach of contract claim with regard to the statutory right created by Tennessee laws," and he also stated that he was "entitled to a workman's compensation claim for the State's failure to compensate him for working out of class for (22) years." The Claims Commissioner basically treated these as separate claims for breach of contract and for workers' compensation and dismissed them on various grounds. On appeal, Mr. Brown argues that the Commissioner "misconstrued his initial claim, which was filed solely pursuant to T.C.A. 9-8-307(a)(1)(N) and T.C.A. 8-30-224." He claims that he "simply used the term 'breach of contract' to describe the deprivation of a conferred private right." Therefore, we will limit our review to the issues presented by Mr. Brown on appeal, and we will not address the Commissioner's findings regarding breach of contract and workers' compensation.

As stated above, section 9-8-307 provides the following jurisdictional category relied upon by Mr. Brown:

> (a)(1) The [Tennessee Claims Commission] or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101(3), falling within one (1) or more of the following categories:
> . . . .
> (N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision (a)(1)(N) that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions;

As Mr. Brown bases his claim of a statutory right upon Tennessee Code Annotated section 8-30-224, we must determine if the Legislature "expressly conferred a private right of action in favor of the claimant against the state" for a violation of section 8-30-224. *See* Tenn. Code Ann. § 9-8-307(a)(1)(N). "We have held that an individual cannot state a cause of action based upon the deprivation of a statutory 'right' without pointing to express language in the statute which confers a private right of action in the individual's favor." ***Draper v. State***, No. E2002-02722-COA-R3-CV, 2003 WL 22092544, at *3 (Tenn. Ct. App. Sept. 4, 2003) (citing *Tate v. State*, No. W2002-00177-COA-R3-CV, 2003 WL 21026939 (Tenn. Ct. App. Apr. 14, 2003); *A'la v. State*, No. E2001-03133-COA-R3-CV, 2002 WL 1838162 (Tenn. Ct. App. Aug. 13, 2002)). It is not sufficient to point to "duties owed to the general public." *See* ***Tate***, 2003 WL 21026939, at *3. "[T]he principle of sovereign immunity requires that legislation authorizing suits against the state must provide for the state's consent in 'plain, clear, and unmistakable' terms." ***Williams***, 139 S.W.3d at 311 (citing *State v. Cook*, 106 S.W.2d 858, 861 (Tenn. 1937)). Therefore, the claimant "must show that the statute allegedly violated by the State expressly grants individuals a private right of action to enforce those rights." ***Madkins v. State***, No. W2001-03002-COA-R3-CV, 2002 WL 1162338, at *2 (Tenn. Ct. App. May 29, 2002). "For every statutory right allegedly violated by the State, [the claimant] must reference explicit statutory language that would grant him the private right of action to enforce the statute." ***Id.***

Here, Mr. Brown claims that the "mandatory" language of Tennessee Code Annotated section 8-30-224 conferred the necessary private right:

> No career service employee shall be assigned to perform the majority of the duties and responsibilities of a position in a higher level classification than that

of the position occupied by the employee, without the approval of the appointing authority. When an employee is so assigned, the duration of such assignment may not exceed ninety (90) days without the approval of the commissioner. The commissioner and the commissioner of finance and administration shall establish a procedure under which an employee who is assigned to perform the majority of the duties and responsibilities of a higher level classification for a period in excess of ninety (90) days shall receive additional compensation for such assignment.

In essence, Mr. Brown is arguing that the Commissioner had a duty to see that he was compensated for performing additional duties, and Mr. Brown then assumes that he can enforce that duty through a private right action. We have previously rejected similar arguments. In *Draper*, for example, a claimant argued that DCS had failed to comply with Tennessee statutes regarding child abuse, thereby breaching its duty to protect her child, and that she should have a private right of action against the state for DCS's failure to comply with the statutes. 2003 WL 22092544, at *3. The Court rejected her argument because "[t]he statutory scheme dealing with removal of abused children does not grant a private right of action within the statute for the state's failure to remove." As such, the Claims Commission did not have jurisdiction over the claim pursuant to section 9-8-307(a)(1)(N). *Id.*; *see also* *Tate*, 2003 WL 21026939, at *3 (finding no expressly conferred right of action despite the claimant's argument that the statute created a duty owed by the state); *Cone ex rel. Cone v. State*, No. M2001-02242-COA-R3-CV, 2002 WL 1838149, at *3-4 (Tenn. Ct. App. Aug. 13, 2002) (same).

Because the Legislature did not expressly confer a private right of action in favor of an individual claimant against the State for the State's violation of Tennessee Code Annotated section 8-30-224, we affirm the Claims Commission's determination that it lacked jurisdiction over Mr. Brown's claim.

### III. CONCLUSION

For the aforementioned reasons, the decision of the Tennessee Claims Commission is hereby affirmed. Costs of this appeal are taxed to the appellant, Grady Hayes Brown, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.