IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2015


**BRIAN BRAWNER V. STATE OF TENNESSEE**


**Appeal from the Circuit Court for Lauderdale County**
**No. 6797      Joe H. Walker, III, Judge**

_____

**No. W2014-02554-CCA-R3-HC  -  Filed August 12, 2015**

_____


Petitioner, Brian Brawner, was convicted of aggravated assault, especially aggravated
kidnapping, and facilitation of attempted first degree murder.  The trial court merged his
aggravated assault conviction into his conviction for facilitation of attempted first degree
murder and sentenced him to an effective term of thirty years.  Following an unsuccessful
direct appeal and pursuit of post-conviction relief, petitioner filed the instant petition for a
writ of habeas corpus.  The habeas corpus court summarily dismissed the petition for
failure to comply with the filing requirements and failure to state a basis for relief.  Upon
our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which ALAN E. GLENN and
ROBERT H. MONTGOMERY, JR., JJ., joined.

Brian Brawner, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Ahmed A. Safeeullah,
Assistant Attorney General, for the Appellee, State of Tennessee.


**OPINION**


I.  Facts and Procedural History


        This case stems from the actions of three defendants – petitioner, codefendant
Randy Leon Miller, and codefendant Sam Edward Stevenson – for having assaulted,

kidnapped, and set fire to the victim, Freddy Jones. *State v. Brian Brawner, Randy Leon Miller, and Sam Edward Stevenson*, No. W2010-02591-CCA-R3-CD, 2012 WL 1572212, at *1 (Tenn. Crim. App. May 3, 2012), *perm. app. denied* (Tenn. Sept. 18, 2012). Petitioner and his codefendants lived in a garage apartment located at the rear of the residence in which the victim lived. *Id.* On the night of November 2, 2009, Brawner and Stevenson grabbed the victim from the front porch of his home, severely beat him, and carried him to the garage apartment. *Id.* Petitioner then doused him with rubbing alcohol and set him on fire. *Id.* Petitioner and the codefendants beat and kicked the victim as he rolled around on the floor attempting to extinguish the flames. *Id.* After the flames were extinguished, petitioner placed the victim in a shower and ran cold water over him. *Id.* Petitioner and the defendants then confined the victim in various places within the garage apartment until the next morning, when they either fell asleep or passed out. *Id.* At that point, the victim escaped and summoned help. *Id.*

On direct appeal, petitioner challenged the sufficiency of the convicting evidence, and this court affirmed his convictions for aggravated assault, especially aggravated kidnapping, and facilitation of attempted first degree murder. *Id.* at *15. He then sought post-conviction relief, which was denied by the court. This court affirmed the denial on appeal, and the supreme court denied discretionary review. *Brian Brawner v. State*, No. W2013-00933-CCA-R3-PC, 2014 WL 1101990 (Tenn. March 19, 2014), *perm. app. denied* (Tenn. June 20, 2014).

## II. Analysis

Petitioner timely filed the instant petition for a writ of habeas corpus. His petition alleged that although he was acquitted of aggravated arson, he is still "being held on some aggravated offenses which suppose[d]ly ste[m]med from the same incident with no other convinc[]ing evidence other than that which [has] been previously dismissed." This, he claims, should correspond to a "drastic" reduction in his sentence. On appeal from the summary denial, he alludes to this issue but raises a new issue not previously pursued in the habeas corpus court: that his conviction for facilitation of attempted first degree murder was improperly graded as a Class B felony and that as such, his sentence has expired.[1] The State responds that the habeas corpus court properly dismissed the petition because petitioner failed to append his judgments of conviction as required by statute.

"[T]he grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d

---

[1] Although petitioner alleges that his conviction was improperly graded as a Class B felony, his assertion is incorrect. Facilitation of attempted first degree murder is a Class B felony. *See* Tenn. Code Ann. §§ 39-11-117, -403(b).

33, 36 (Tenn. 2002)). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "'A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment.'" *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)). The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart*, 21 S.W.3d at 903.

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109; *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Tennessee Code Annotated section 29-21-107(a) provides that habeas corpus petitions must be signed and verified by affidavit. This statute further requires the petition to state:

(1)     That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2)     The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3)     That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4)     That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b).

The habeas corpus court properly dismissed the petition because petitioner failed to append his judgments of conviction to his petition. Although he attached them to his brief on appeal, appendices to briefs do not constitute evidence to be considered in the review of a case. *Best v. State*, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). We also note that petitioner averred that this is his second petition for the writ, yet he failed to include a copy of the previous petition and proceedings or give satisfactory reasons for his failure to do so.

We must also clarify that insofar as petitioner raised a novel issue relative to the grading of his felony conviction in his appeal that he did not address in the habeas corpus court, it remains a well-established principle of law that "'questions not raised in the trial court will not be entertained on appeal.'" *Williams v. State*, 139 S.W.3d 308, 313 (Tenn. 2004) (quoting *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983)).

## CONCLUSION

Based upon our review of the record, the briefs of the parties, and the applicable legal authorities, we affirm the judgment of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE