IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

**STATE OF TENNESSEE v. MARCUS DEON JARNIGAN**

**Appeal from the Criminal Court for Knox County**
**No. 70133, 70134, 75991      G. Scott Green, Judge**

_____

**No. E2015-00061-CCA-R3-CD – Filed August 25, 2015**

_____

Appellant, Marcus Deon Jarnigan, challenged his guilty-pleaded convictions for robbery, simple possession of a controlled substance, and being a felon in possession of a handgun by filing a motion in the trial court seeking to correct his allegedly illegal sentences. The trial court summarily denied the motion, concluding that the judgments were facially valid. On appeal, he raises for the first time the applicability of Tennessee Rule of Criminal Procedure 36.1 as a basis for relief. Following our review, we discern that appellant has failed to state a colorable claim for relief and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Marcus Deon Jarnigan, Atlanta, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

I. Procedural History

The record reflects that indictments were returned against appellant in November 1999. On July 1, 2002, he pleaded guilty in the Knox County Criminal Court to two criminal offenses and received the following sentences: (1) case number 70133, robbery, six years; and (2) case number 70134, simple possession, eleven months, twenty-nine

days. The trial court accepted his guilty pleas and set the matter for a sentencing hearing at a later date to consider his request for a suspended sentence. In the interim, appellant remained free on bond.

While on bond, appellant was charged by information with being a felon in possession of a handgun in case number 75991. The trial court resolved all of appellant's cases on November 12, 2002. The court denied appellant's request for probation, ordered concurrent alignment of his 1999 offenses, and ordered consecutive alignment of his 2002 handgun offense with the 1999 offenses.

Appellant filed a "Motion to Reopen State Judgment Order" in the trial court on December 3, 2014, challenging the imposition of a partially concurrent sentence as void, arguing that it is in direct contravention of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32. The trial court summarily denied the motion on December 5, 2014, concluding that "each judgment [was] facially valid."

## II. Analysis

Appellant now argues that he is entitled to relief from his "illegal sentence" via Rule 36.1 of the Tennessee Rules of Criminal Procedure. Notably, he did not rely on Rule 36.1 in the trial court. The State asserts that appellant is not entitled to relief because he did not rely on this basis for relief below, because he untimely filed his notice of appeal, and because his petition did not state a colorable claim for relief.

First, we agree with the State that despite this court's policy of viewing *pro se* litigants' pleadings more liberally than those filed by licensed attorneys, *see, e.g., Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988), it remains a well-established principle of law that "'questions not raised in the trial court will not be entertained on appeal,'" *Williams v. State*, 139 S.W.3d 308, 313 (Tenn. 2004) (quoting *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983)). We further agree, as discussed below, that because appellant failed to state a colorable claim, this court's conclusion in *State v. Levar O. Williams*, No. E2014-01068-CCA-R3-CD, 2015 WL 1291137, at *2 (Tenn. Crim. App. Mar. 15, 2015), *perm. app. denied* (Tenn. June 15, 2015),[1] operates to deprive appellant of the benefit of waiver of the thirty-day time period within which to file the notice of appeal. Notwithstanding these points, however, nothing in Rule 36.1 precludes the filing of subsequent petitions for relief, which would allow appellant to correct the

---

[1] *Levar O. Williams* makes clear that pursuant to Tennessee Rule of Appellate Procedure 4, a notice of appeal is not jurisdictional in a criminal case and can be waived in the interest of justice. However, in the posture of a Rule 36.1 case in which no colorable claim has been stated, waiver of the time limitation is not warranted.

deficiencies in his pleadings and begin the process anew. Therefore, for the purpose of judicial economy, we will address appellant's case on the merits.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> . . . .

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); see *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ."[1] *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App. July 16, 2014).

---

[1] "We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has failed to present a colorable claim for relief from an illegal sentence because appellant's allegations do not establish that he received a concurrent sentence for a felony he committed while released on bail for another felony. Tennessee Code Annotated section 40-20-111(b) states:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

*See also* Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail). The record reflects that the effective sentence of appellant's first two cases was six years as a result of concurrent alignment of a six-year sentence in case number 70133, robbery, and eleven months, twenty-nine days in case number 70134, simple possession. Concurrent alignment of those two cases does not implicate the aforementioned legal authorities. While on bond pending disposition of case numbers 70133 and 70134, appellant garnered an arrest for being a felon in possession of a handgun in case number 75991. At the November 12, 2002 hearing resolving all of appellant's cases, the trial court aligned appellant's sentence in case number 75991 *consecutively* to those for which he was on bond, as required by statute and rule. Therefore, appellant has failed to state a colorable claim for relief. The trial court properly denied his petition in a summary fashion.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the trial court's judgment.

_____
ROGER A. PAGE, JUDGE

---

petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").