# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 11, 2015 Session

## STATE OF TENNESSEE EX REL. DANIEL E. BLANDFORD v. TANYA L. BLANDFORD

**Appeal from the Juvenile Court for Knox County**
**No. G-6502      Timothy E. Irwin, Judge**

---

**No. E2015-00357-COA-R3-JV-FILED-MARCH 24, 2016**

---

This appeal involves a juvenile court's subject matter jurisdiction to address a post-divorce matter of child support. The parties were divorced through judgment entered by the Knox County Fourth Circuit Court. Although the Circuit Court initially ordered the mother to pay child support for the parties' three children, the Circuit Court subsequently entered an agreed order in 2008, directing that neither party would be obligated to pay child support from that date forward. The father commenced the instant action on June 7, 2010, by filing a petition in the Knox County Juvenile Court, alleging dependency and neglect as to the mother. Following a hearing conducted on February 14, 2011, the Juvenile Court entered an agreed order awarding "custody" to the father and finding the children dependent and neglected as to the mother. The father subsequently filed a petition to set child support. Following a hearing conducted on June 1, 2012, the Juvenile Court magistrate entered findings and recommendations, setting the mother's child support obligation. Meanwhile, upon an adjudicatory hearing, the Juvenile Court judge dismissed the father's dependency and neglect petition on September 24, 2012. The mother then filed a motion to "set" the father's child support obligation. Following a hearing conducted on July 16, 2013, the magistrate found that the mother owed no current child support but did owe an arrearage. At each of the hearings before the magistrate, the mother raised the issue of whether the Juvenile Court could properly exercise subject matter jurisdiction over child support in light of the previous orders entered by the Fourth Circuit Court. On April 1, 2013, the mother filed a motion to set aside the magistrate's child support orders. Following a hearing, the Juvenile Court judge found that the magistrate had properly exercised subject matter jurisdiction only so long as the dependency and neglect action was pending. The Juvenile Court therefore affirmed the magistrate's June 1, 2012 findings and recommendations but set aside the July 16, 2013 findings and recommendations. The Juvenile Court further found that all issues arising subsequent to dismissal of the dependency and neglect petition should be decided by the Circuit Court. Mother has appealed to this Court. Having determined that, pursuant to Tennessee Code Annotated § 37-1-159(a), the Circuit Court has sole

jurisdiction to hear this appeal flowing from a dependency and neglect action, we transfer this appeal to the Knox County Fourth Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Transferred to Circuit Court**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

David L. Valone, Knoxville, Tennessee, for the appellant, Tanya L. Blandford.

R. Deno Cole, Knoxville, Tennessee, for the appellee, Daniel E. Blandford.

**OPINION**

I.  Factual and Procedural Background

The facts underlying the issues on appeal are essentially undisputed.  The plaintiff, Daniel E. Blandford ("Father"), and the defendant, Tanya L. Blandford ("Mother"), were married in 1995 and divorced through judgment entered by the Knox County Fourth Circuit Court on January 29, 2003.[1]  Three children ("the Children") were born of the marriage.  Regarding the Children, the final judgment for divorce provided for the parties' co-parenting responsibilities and set a child support obligation to be paid by Mother.  Upon Mother's petition to modify child support, the Circuit Court entered an agreed order on July 14, 2008, terminating Mother's child support obligation and directing that "neither party will owe child support from one party to another effective immediately upon the entering of this Order."[2]

---

[1] The divorce judgment is not in the record on appeal.  The parties' pleadings and briefs contain several date discrepancies in regard to when documents not in the record were filed or entered.  Inasmuch as these discrepancies do not affect the issues on appeal, we rely throughout this opinion on dates provided in the statement of the evidence when the document itself is not in the record or the date stamp is illegible.  We note, however, that while Mother filed the statement of the evidence without objection from Father, the record contains no order demonstrating the Juvenile Court's approval of the statement of the evidence.  Pursuant to Tennessee Rule of Appellate Procedure 24(f), we deem the statement of the evidence approved by the Juvenile Court and consider it in this opinion.  *See* Tenn. R. App. P. 24(f) (explaining that in the absence of the trial court's approval within the prescribed time, "the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge.").

[2] By agreement during oral argument before this Court, the parties submitted a copy of the July 2008 agreed order as a supplement to the record on appeal.

On June 7, 2010, Father filed a petition in the Knox County Juvenile Court ("trial court"), alleging that the Children were dependent and neglected as to Mother.[3] Following a hearing conducted on February 14, 2011, the trial court awarded "custody" to Father and found the Children to be dependent and neglected as to Mother in an "Agreed Final Order" entered March 31, 2011, *nunc pro tunc* to the date of the hearing. The court also ordered, *inter alia*, that Mother would enjoy unsupervised visitation with the Children for twenty-four hours on alternate weekends. The court provided for an extension of visitation upon Mother's filing an affidavit demonstrating that she had, *inter alia*, established a suitable primary residence.

Acting through the State of Tennessee,[4] Father subsequently filed a petition to set child support on September 20, 2011. The trial court magistrate conducted a hearing on June 1, 2012. During the hearing, Mother's former counsel objected to the trial court's exercising subject matter jurisdiction over child support due to the previous exercise of jurisdiction by the Circuit Court. The magistrate determined jurisdiction to be proper, stating specifically in written findings and recommendations that the Juvenile Court had "assumed jurisdiction over these children in the custody order entered on Feb. 14, 2011." The magistrate found Mother's child support obligation to be $725.00 monthly and reserved the issue of any child support arrearage. As Father acknowledges, the trial court judge ostensibly did not enter an order of confirmation of the magistrate's June 1, 2012 order.

Meanwhile, the Juvenile Court conducted an adjudicatory hearing on September 24, 2012, finding that the Children were not dependent and neglected as to Mother and dismissing the petition. According to the statement of the evidence, the court subsequently entered a written order to this effect on June 29, 2013, *nunc pro tunc* to September 24, 2012.[5] Mother subsequently filed a motion to set child support on April 1, 2013, asserting that under the court's September 2012 decision, she was the primary residential parent for the two younger children and shared co-parenting time equally with Father for the eldest child, who was by then seventeen years old.

Following a hearing conducted on July 16, 2013, the magistrate found that Mother had no current child support obligation "beginning July 2012 due to the change in physical custody" of the two younger children. The magistrate also found, however, that Mother owed an arrearage in the amount of $13,502.00 and ordered Mother to pay $200.00 per month toward the arrearage. Upon consideration of the jurisdictional

---

[3] The dependency and neglect petition is not in the record on appeal.

[4] The State is not participating in this appeal.

[5] The order dismissing the dependency and neglect petition is not in the record on appeal, but it is referenced by the trial court in a subsequent order.

argument again raised by Mother's former counsel, the magistrate stated in findings and recommendations in pertinent part:

> The Court finds despite the argument of counsel for [Mother] to the contrary, that it is appropriate to grant retroactive support to [Father] back to June 2010 as the setting of retroactive support in this case does not serve as a modification of the parties' Divorce Order of Support. The Juvenile Court assumed jurisdiction over the children when the Dependency and Neglect finding was made, and the filing of the Petition to Set Support in this matter subsequent to the D & N finding entitles [Father] to a retroactive support award given the change of physical custody. The parties agree that the Juvenile Court of Knox County Child Support Division shall retain jurisdiction over matters of child support and medical support for their children as between these parties.

On September 22, 2014, Mother, by then represented by her current counsel, filed a motion to set aside child support orders, pursuant to Tennessee Rule of Civil Procedure 60.02(3) and (5), requesting that the child support magistrate's prior orders be set aside due to lack of subject matter jurisdiction. She concomitantly filed a notice of appeal to the trial court judge from the magistrate's June 1, 2012 and July 16, 2013 findings and recommendations.

Following a hearing conducted January 12, 2015, the trial court found that, pursuant to Tennessee Code Annotated § 37-1-151(a), the court had properly assumed jurisdiction over child support during the dependency and neglect proceedings. The court further found, however, that "upon the entry of the Order dismissing the dependency and neglect action on or about September 24, 2012, jurisdiction reverted back to the Fourth Circuit Court of Knox County, Tennessee; . . ." The court thereby found that the magistrate had properly exercised jurisdiction when setting Mother's child support obligation in June 2012 but not when ending that obligation and determining the amount of arrearage in July 2013. The court therefore set aside the July 2013 findings and recommendations. Rather than ruling on the magistrate's prior findings and recommendations, the court reserved review of the "correctness" of the June 1, 2012 order "pending further hearing before the Fourth Circuit Court for Knox County, Tennessee." The trial court entered an order incorporating its findings on February 9, 2015. Mother filed a notice of appeal to this Court on February 17, 2015.

4

## II.  Issues Presented

On appeal, Mother presents two issues, which we have restated as follows:

1.  Whether the trial court erred by assuming subject matter jurisdiction over child support when the Fourth Circuit Court previously had addressed child support within the divorce action.

2.  Whether the trial court erred by exercising subject matter jurisdiction over child support following dismissal of the dependency and neglect action.

Father presents two additional issues, which we have similarly restated as follows:

3.  Whether this Court lacks subject matter jurisdiction because the child support judgment arose from a dependency and neglect action.

4.  Whether the trial court magistrate's July 16, 2013 findings and recommendations remain valid and enforceable in the absence of a final order regarding child support.

## III.  Standard of Review

Whether a court possesses subject matter jurisdiction over an action is a matter of law, which we review *de novo* with no presumption of correctness. *See In re Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013); *Williams v. State*, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004).  To the extent that we need also review the factual findings of the trial court, we presume those findings to be correct and will not overturn them unless the evidence preponderates against them.  *See* Tenn. R. App. P. 13(d); *Morrison v. Allen*, 338 S.W.3d 417, 425-26 (Tenn. 2011).  "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect."  *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006).

Determinations regarding child support are reviewed under an abuse of discretion standard.  *See Mayfield v. Mayfield*, 395 S.W.3d 108, 114-15 (Tenn. 2012); *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005).  "This standard requires us to consider (1) whether the decision has a sufficient evidentiary foundation, (2) whether the court correctly identified and properly applied the appropriate legal principles, and (3) whether the decision is within the range of acceptable alternatives."  *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000).  A trial court's grant or denial of a Tennessee Rule of Civil Procedure 60.02 motion is also reviewed under an abuse of

discretion standard. *See Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App. 1998) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)).

## IV. This Court's Subject Matter Jurisdiction

Determining the issue to be dispositive, we first address Father's threshold issue of whether this Court possesses subject matter jurisdiction to hear Mother's appeal. Father contends that because the appeal flowed from a dependency and neglect action, it should have been brought before the Circuit Court. Upon careful review, we agree with Father on this issue.

Our Supreme Court has succinctly described subject matter jurisdiction and how it is conferred on a tribunal:

> The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). *See also Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004) ("Subject matter jurisdiction involves a court's lawful authority to adjudicate a particular controversy.").

Tennessee Code Annotated § 37-1-159(a) (2014) provides that a juvenile court's final judgment in a dependency and neglect action is appealable to circuit court. *See Clark v. Cooper*, No. E2012-00684-COA-R3-CV, 2013 WL 1097773 at *3 (Tenn. Ct. App. Mar. 18, 2013) ("A dependency and neglect action heard in juvenile court is appealable to the circuit court, while a custody matter heard by the juvenile court is appealable to the Tennessee Court of Appeals.") (citing Tenn. Code Ann. § 37-1-159). Tennessee Code Annotated § 37-1-159 states in pertinent part:

> (a)  The juvenile court shall be a court of record; . . . and any appeal from any final order or judgment in an unruly child proceeding or <u>dependent and neglect proceeding</u>, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses

and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition.

\* \* \*

(g)    Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure.

(Emphasis added.) *See also In re D.Y.H.*, 226 S.W.3d 327, 328 (Tenn. 2007) (concluding that a juvenile court's "subsequent custody decision was a part of the [prior] dependency and neglect proceeding so that it is properly appealable to circuit court for a de novo hearing.").

Pursuant to Tennessee Code Annotated § 37-1-103(a)(1) (2014), "[t]he juvenile court has exclusive original jurisdiction of . . . [p]roceedings in which a child is alleged to be delinquent, unruly or dependent and neglected . . . ." In the case at bar, the trial court assumed subject matter jurisdiction over the Children upon the filing of Father's dependency and neglect petition. The record demonstrates that the child support orders from which Mother seeks relief flowed directly from the trial court's February 2011 agreed order finding the Children dependent and neglected as to Mother and awarding custody to Father.

We determine that the February 9, 2015 order from which Mother appeals also flows from the dependency and neglect proceedings. The trial court concluded that it had lost subject matter jurisdiction over the Child on September 24, 2012, with the dismissal of Father's dependency and neglect petition. Our Supreme Court has explained that pursuant to Tennessee Code Annotated § 37-1-103(c),

when a juvenile court acquires jurisdiction from a dependency and neglect proceeding, its exclusive original jurisdiction continues until one of following events occur:

(1) the case is dismissed;

(2) the custody determination is transferred to another court;

(3) a petition for adoption is filed; or

(4) the child reaches the age of eighteen.

7

*In re D.Y.H.*, 226 S.W.3d at 330. *See Toms v. Toms*, 98 S.W.3d 140, 144 (Tenn. 2003) ("We conclude that the juvenile court lost jurisdiction of the case upon the dismissal of the dependency and neglect petition . . . .) (citing Tenn. Code Ann. § 37-1-103(c)).

Upon concluding that it had lost subject matter jurisdiction, the trial court vacated the magistrate's July 16, 2013 findings and recommendations, which had been entered subsequent to dismissal of the dependency and neglect petition. Although the court ruled that the magistrate had properly exercised subject matter jurisdiction when entering the earlier June 1, 2012 findings and recommendations, the court did not affirm those findings and recommendations. Instead, the trial court "reserved pending further hearing before the Fourth Circuit Court for Knox County" review of the "correctness" of the magistrate's June 1, 2012 findings and recommendations. The trial court thus effectively decided that the appeal of the magistrate's findings and recommendations should be heard by the Circuit Court. The trial court did not, however, enter an order of transfer to the Circuit Court.

Upon our careful and thorough review of the record, we determine that this Court does not have subject matter jurisdiction to hear this appeal because jurisdiction lies with the Circuit Court. Pursuant to Tennessee Code Annotated § 16-4-108(a)(2) (2009), a case appealed to the wrong court "shall by that court be transferred to the court having jurisdiction of the case, direct." *See Clark*, 2013 WL 1097773 at *3 ("When a case has been appealed to the wrong court, the appropriate course of action is for the court lacking jurisdiction to transfer the case to the correct court.") (citing *In re Estate of White,* 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001); *see, e.g., In re D.L.D., Jr.,* E2009-00706-COA-R3-JV, 2010 WL 653252 at * 1 (Tenn. Ct. App. Feb. 24, 2010) (transferring appeal of a dependency and neglect order entered by a juvenile court to circuit court); *In re C.M.C.*, No. M2008-00329-COA-R3-JV, 2008 WL 4426885 at *4 (Tenn. Ct. App. Sept. 30, 2008) (transferring the appeal to circuit court upon determining that the mother's appeal of a juvenile court's decision involved a dependency and neglect proceeding). We note that Mother's notice of appeal was timely filed within the ten-day period provided by Tennessee Code Annotated § 37-1-159(a) for appeals from juvenile court to circuit court.

## V. Remaining Issues

Having determined that this Court has no subject matter jurisdiction in this case, we further determine that the parties' remaining issues are pretermitted as moot. Pending appeal to the Circuit Court, the trial court's February 9, 2015 order remains in effect. *See* Tenn. Code Ann. § 37-1-159(b) ("An appeal does not suspend the order of the juvenile court . . . .").

VI.  Conclusion

For the reasons stated above, we transfer this case to the Fourth Circuit Court for Knox County, Tennessee.  We note that pursuant to the trial court's February 9, 2015 order, no costs were to be taxed in this matter in the trial court.  Costs on appeal to this Court are taxed one-half to the appellant, Tanya L. Blandford, and one-half to the appellee, Daniel E. Blandford.

_____
THOMAS R. FRIERSON, II, JUDGE